UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EFRAIN SOTO,

                                          Plaintiff,

                                                                                                              DECISION AND ORDER

                                                                                                              03-CV-6272L

                         v.

SHAWN/SHAUN KEENAN, et al.,

                                        Defendants.
_____

**INTRODUCTION**

Plaintiff, Efrain Soto, appearing *pro se*, commenced this action under 42 U.S.C. § 1983 on June 5, 2003.  Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS") sued nineteen defendants, all of whom were at all relevant times DOCS officials or employees.

Pursuant to the Court's July 17, 2003 Order (Dkt. #5) granting plaintiff *in forma pauperis* status, plaintiff filed an amended complaint on October 7, 2003.  On March 24, 2004, the Court granted plaintiff's request for an extension of time to serve the complaint until June 22, 2004.  Dkt. #11.

Summonses were subsequently issued, and although none have ever been returned, at least some of the defendants have apparently received notice of this action, since the New York State Attorney General's Office ("AG") entered an appearance on behalf of defendants on October 8, 2004. Because no other action had occurred in the case for some time, however, the Court issued an Order on April 25, 2005, directing plaintiff to show cause why the case should not be dismissed for failure to prosecute. Dkt. #12.

Plaintiff did not respond to the Order to Show Cause prior to the May 16, 2005 deadline. On September 28, 2005, the AG filed a motion to dismiss on behalf of defendants Richard Gostomski, Daniel Labuzzetta, Richard Shanahan, David Best, Clifford Bagg, and Jose Deperio. Dkt. #13. The AG describes these as the "Answering Defendants," Dkt. #15 at 1 n. 1, although no answer has been filed in this case. The bases for the motion are plaintiff's failure to respond to the Order to Show Cause, and the AG's assertion that "[t]he amended complaint was not served upon any of the answering defendants until September of 2005." Dkt. #15 ¶ 10.

On December 29, 2005, plaintiff filed a response to the motion to dismiss. In it, plaintiff explains the efforts that he has made to effect service and to prosecute this action, and the problems that he has encountered in doing so. Specifically, plaintiff states–and has provided some documentation to support these assertions–that he has had some difficulties communicating with the Court, that at one point he was sent the wrong type of summons form, and that eventually he did in fact obtain, fill out, and return to the Court the proper forms. The docket sheet also indicates that summonses were issued as to the moving defendants on August 26, 2005, but that none of them have been returned.

## DISCUSSION

As the Second Circuit has recognized, a *pro se* plaintiff who has been granted *in forma pauperis* status is "dependent upon United States Marshals to effectuate service of process." *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 309 (2d Cir. 1986); *see also id.* at 311 ("As an incarcerated *pro se* litigant proceeding *in forma pauperis*, [plaintiff] was entitled to rely on service by the U.S. Marshals") (citing Fed. R. Civ. P. 4(c)(2)(B)(I)).  "By granting [a plaintiff] leave to pursue his § 1983 claim *in forma pauperis*, [a district court] shift[s] the responsibility for serving the complaint from [the plaintiff] to the court."  *Wright v. Lewis*, 76 F.3d 57, 59 (2d Cir. 1996).  Such a plaintiff is thus "relieved by his poverty of the responsibility for filing and effecting service of his complaint," and has "thus relinquished control over service ... ."  *Id.*

Here, it appears that plaintiff did in fact do what was required of him to effectuate service. As stated, it also appears that the moving defendants, at least, have received notice of this lawsuit, and that they would not be unfairly prejudiced by allowing the action to continue.  Under these circumstances, I do not believe that dismissal is warranted.  *See Romandette*, 807 F.2d at 312 (district court erred in dismissing for failure to effect service where plaintiff "had done everything in his power to comply with Rule 4 and the defendant had actual notice of the suit").  That is especially so given the Second Circuit's strong preference for adjudicating cases on the merits, *see Brien v. Kullman Indus., Inc.*, 71 F.3d 1073, 1077 (2d Cir. 1995); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993), as well as its admonition that "dismissal is 'a harsh remedy to be utilized

only in extreme situations.'" *Romandette*, 807 F.2d at 312 (citing *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir.1972) (per curiam)).[1]

**CONCLUSION**

Defendants' motion to dismiss the complaint (Dkt. #13) is denied. Defendants are directed to answer the complaint within twenty (20) days of the date of issuance of this Decision and Order. Since it is not clear at this point whether all of the named defendants are subject to service (for example, defense counsel states that one defendant is currently on active duty in the military), counsel for defendants must also indicate on whose behalf she is appearing in this case.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 19, 2006.

---

[1] I also recognize that plaintiff failed to respond timely to the Court's April 25, 2005 Order to Show Cause. Because he has demonstrated that he has in fact made efforts to prosecute this action, and because of his *pro se* status and the lack of prejudice to defendants, I decline to dismiss the complaint on that basis as well.