UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EFRAIN SOTO,

                          Plaintiff,

                                                             DECISION AND ORDER

                                                               03-CV-6272L

              v.

DANIEL LABUZZETTA, et al.,

                          Defendants.
_____

Plaintiff, Efrain Soto ("Soto"), who was formerly confined with the New York State Department of Corrections ("DOCS") at the Wyoming Correctional Facility, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Soto alleges that he was repeatedly assaulted, subjected to excessive force, and denied adequate medical treatment by DOCS employees. Two of the defendants now move for summary judgment. Dr. Anthony DePerio ("DePerio") moves to dismiss Soto's Eighth Amendment claim that Dr. DePerio was indifferent toward Soto's medical needs, and Correction Officer Clifford Bagg ("Bagg") moves to dismiss Soto's claim that Bagg "set up" an assault against Soto.

For the reasons that follow, DePerio's and Bagg's motions for summary judgment are granted, and Soto's complaint is dismissed as against those two defendants.

I.      **Soto's Medical Indifference Claim Against Dr. Anthony DePerio.**

Plaintiff claims that Dr. DePerio acted with deliberate indifference to his serious medical needs. Plaintiff claims that when he returned from an outside medical appointment, on January 10, 2000, he was assaulted by Correction Officer Richard Gostomski. There is no record of plaintiff complaining that day about any problems but the next day, January 11, 2000, he did report to a nurse that he had been "pushed" by a corrections officer and that his "disc" went "out of place." Soto claims that despite his complaints, Dr. DePerio failed to treat him for a spinal injury.

The relevant law on such claims is well established. In order to demonstrate that medical treatment amounts to "cruel or unusual punishment" prohibited by the Eighth Amendment, a plaintiff must prove that a physician's actions or omissions amounted to "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "serious medical need" is one which presents "'a condition of urgency' that may result in 'degeneration' or 'extreme pain.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998), *quoting Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994)). *See also Harrison v. Barkley*, 219 F.3d 132, 136-137 (2d Cir. 2000) ("A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain'") (quoting *Chance*, 143 F.3d 698 at 702).

In determining whether a serious medical need exists, the Court examines several factors, including whether the plaintiff has "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance*, 143 F.3d 698 at 702. However, "[a]n assertion of pain sensation alone, unaccompanied by any large

medical complications, does not amount to a serious medical need under the Eighth Amendment." *Livingston v. Goord*, 225 F.Supp.2d 321, 329 (W.D.N.Y. 2002).

In determining whether a medical provider displayed "deliberate indifference," the Court's analysis includes both an objective and a subjective prong. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991). With respect to the objective aspect, the court must ask whether there has been a sufficiently serious deprivation of the prisoner's constitutional rights. With respect to the subjective component, the court must consider whether the deprivation was effected by defendants in wanton disregard of those rights. *Id.* Thus, to establish deliberate indifference, a plaintiff must prove that the defendants had a culpable state of mind and intended wantonly to inflict pain. *See Wilson*, 501 U.S. at 299; *Ross v. Kelly*, 784 F.Supp. 35, 44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir. 1992).

Mere negligence, or even medical malpractice, is not actionable. "A [prisoner's] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Rather, the plaintiff must allege conduct that is "repugnant to the conscience of mankind," *id.* at 102, or "incompatible with the evolving standards of decency that mark the progress of a maturing society," *id.* at 105-06, 106 n. 14; *Chance*, 143 F.3d 698 at 703-04; *Ross*, 784 F.Supp. 35 at 44.

Likewise, an inmate's "mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance*, 143 F.3d 698 at 703. *See also Reyes v. Ellen Gardener*, 93 Fed. Appx. 283, 285 (2d Cir. 2004).

Based on the evidence submitted, I find no basis to support an Eighth Amendment constitutional claim. It does appear that Soto was seen by Dr. DePerio for his alleged back problem on January 11, 2000. Dr DePerio examined Soto, reviewed his medical records, and determined that Soto did not have a dislocated disc and required no medical treatment. DePerio recalls Soto wanting him to push the disc back in place, but DePerio believed there was no medical need for such treatment. Dr. DePerio also determined that there was no need for treatment by an outside specialist. To the extent Soto claims Dr. DePerio denied him the use of a back brace or TENS unit, DePerio indicated that the records do not evince any denial of such requested treatment.

There is no objective evidence of a serious medical problem, and certainly no subjective evidence that Dr. DePerio knew of a serious medical condition and declined to treat it. At most, the record establishes that there was a disagreement between the inmate and the treating physician as to the nature of Soto's medical problem, and the extent to which it needed to be treated, if at all. As a matter of law, such a disagreement does not rise to the level of a constitutional violation. *See e.g.*, *Parker v. Miller*, 1999 U.S. App. LEXIS 27392 at *5 (2d Cir. 1999) (plaintiffs failed to establish a material issue of fact with respect to their Fourteenth Amendment claim, where the record indicated that the defendant doctor made a decision "premised upon medical judgment" that the inmate's condition was not acute and did not require emergency care).

**II.     Soto's "Assault Setup" Claim Against Officer Bagg**

Defendant Bagg moves to dismiss Soto's claims against him, on the grounds there is no evidence that he was personally involved in the alleged excessive force against Soto. Soto was

deposed and apparently conceded that he had no evidence that Bagg was involved in any of the alleged assaults against him. In order to establish an actionable constitutional claim, plaintiff must demonstrate some personal involvement by the defendant in the constitutional violation. *See Warheit v. City of New York*, 271 Fed. Appx. 123, 126 (2d Cir. 2008) ("[i]t is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983" ), *citing Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006). The fact that a defendant has some supervisory role over others does not, by itself, subject him to suit for a constitutional violation, absent proof that the defendant directly participated in the constitutional violation, failed to remedy or respond to it, created a custom or policy fostering it, or was grossly negligent in supervising the subordinates who caused the violation. *See Thomas v. Ashcroft*, 470 F.3d 491, 497-98 (2d Cir. 2006); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). At his deposition, Soto admitted that he had no proof that Bagg ordered or directed any of the other defendants to physically assault Soto, or that Bagg otherwise played any role in the alleged assault, except for his claim that two of the officers told him that, "this was compliments of Bagg," which is inadmissible hearsay. Based on that lack of proof, it would be pure speculation to allow Soto's claims against Bagg to go to a jury and, therefore, defendants' motion is granted.

CONCLUSION

The motion of defendants Dr. Anthony DePerio and Clifford Bagg for summary judgment (Dkt. #49) is granted, and the complaint is dismissed in all respects as to those two defendants.

The Court will schedule a conference with the plaintiff and counsel for the remaining defendants in order to schedule the matter for trial.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        November 5, 2008.